IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-58,375-02






EX PARTE LEE ANDREW TAYLOR









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
AND MOTION FOR STAY OF EXECUTION

FROM CAUSE NO. 99F0504-202-B IN THE 202ND JUDICIAL DISTRICT COURT

BOWIE COUNTY




 Per Curiam. Price, J., issued a dissenting statement which Johnson and
Alcala, JJ., joined.



O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In February 2000, a jury found applicant guilty of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Texas Code of Criminal
Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at
death. This Court affirmed applicant's conviction and sentence on direct appeal. Taylor
v. State, No. AP-73,739 (Tex. Crim. App. Dec. 11, 2002)(not designated for publication). 
Applicant filed his initial post-conviction application for writ of habeas corpus in the trial
court on November 30, 2001. This Court denied relief. Ex parte Taylor, No. WR-58,375-01 (Tex. Crim. App. Mar. 31, 2004)(not designated for publication). Applicant
filed this his first subsequent application for writ of habeas corpus in the trial court on
June 14, 2011. 

 Applicant presents two allegations in his application. In his first allegation,
applicant asserts that he was deprived of his right to the effective assistance of trial
counsel at the sentencing phase of his trial. He further asserts that this Court should reach
the merits of this claim because of the ineffectiveness of his counsel in his initial state
habeas proceedings. In his second allegation, applicant asserts that his execution is
barred by the Eighth Amendment because he was sixteen years old when he committed
the offense which elevated the murder to capital murder. We have reviewed the
application and find that applicant's allegations fail to satisfy the requirements of Article
11.071 § 5. Accordingly, applicant's application is dismissed, and his motion to stay his
execution is denied. 

 IT IS SO ORDERED THIS THE 14th DAY OF JUNE, 2011.


Do Not Publish